ROOKER ET AL. *v.* FIDELITY TRUST COMPANY, TRUSTEE, ET AL.

[No. 25,747.  Filed August 25, 1931.]·

642

*William V. Rooker*, for appellants.
*Charles E. Cox* and *Henry Seyfried*, for appellee.

MYERS, J.—The record in this case begins with a statement, in substance, that on March 5, 1928, a transcript of the proceedings and papers filed in the Hamilton Circuit Court in cause No. 22,763 was, on change of venue, filed in the Tipton Circuit Court and docketed under No. 855; that said transcript and the papers accompanying the same, at the time of making the transcript for this appeal, were not on file in the office of the clerk of the Tipton Circuit Court, and, after diligent search, they could not be found. Signed, "Irvin Miller, Clerk, Tipton Circuit Court." Then follows an

order-book entry showing a motion to strike out parts of the third paragraph of complaint, which paragraph is not included in the record: a copy of the motion, followed by an order-book entry showing that the motion had been sustained in part.

On April 10, 1928, it appears that an amended complaint in three paragraphs was filed by appellants against the Fidelity Trust Company and the Fidelity Trust Company as trustee of the estate of Dora E. Rooker. Each of these paragraphs demands the removal of the Fidelity Trust Company as trustee; that a new trustee be appointed; that the trust company, as trustee, be required to account in all matters affecting the trust, and, in addition, each of the first two paragraphs alleged facts upon which damages were demanded in the sum of $75,000. To this complaint, the defendants filed what is denominated a "third paragraph of answer," which is directed only to certain specific allegations of each paragraph of the amended complaint, to which plaintiffs filed a reply in general denial. Thereupon, from an order-book entry, of date September 13, 1928, the following appears: "And now this cause is submitted to the court for trial. Comes now the plaintiff and makes the opening statement, which statement is in the following words and figures, to wit: (Oral). Comes now the defendant and makes and files a request that the portion of the statement defining issue to be taken by the reporter, which request is in the following words and figures, to wit: (Oral). And now the court sustains said motion and said statement is taken." No such statement appears in the record.

The defendants then filed a written motion to withdraw their answer, and asked leave to file a plea in abatement. The motion, in substance, states that counsel for plaintiffs in his opening statement stated that by their amended complaint in three paragraphs

they were only demanding the removal of the Fidelity Trust Company as trustee for the estate of Dora E. Rooker, and that, upon removal, it be required to make an accounting to a trustee to be appointed, wherefore, they request permission to withdraw their answer and file pleas to the jurisdiction of the court over the subject-matter and in abatement of the action. Over the objection of plaintiffs, this motion was sustained. Defendants then filed a plea to the jurisdiction of the Tipton Circuit Court, upon the theory that all the matters then pending in that court were, on October 21, 1918, tried in the Hamilton Circuit Court, wherein judgment was rendered against the plaintiffs and in favor of the defendants, and the defendant trustee was ordered and directed to proceed with the execution of the trust, which cause of action was still pending in the Hamilton Circuit Court and undisposed of, and that the parties to that action and to this are the same. To this plea, plaintiffs filed a general denial. The issue thus formed was submitted to the court and resulted in a finding in favor of plaintiffs.

The defendants then filed a written motion to remand the proceedings to the Hamilton Circuit Court, stating that the complaint filed in that court on July 12, 1927 was clearly intended to be an independent suit against the Fidelity Trust Company, Trustee, and the Fidelity Trust Company in person, for damages for $75,000; that the third paragraph filed in the Tipton Circuit Court March 17, 1928 asked only the removal of the trust company as trustee and for an accounting; that in April, 1928, an amended complaint in three paragraphs was filed, substantially of the same character as the three original paragraphs, but that plaintiff's counsel, in his opening statement, has limited the relief to the removal of the trustee and for an accounting. Wherefore, defendants move that the cause be remanded to the circuit

court of Hamilton County, with the suggestion that it be docketed under cause No. 16,338, *Dora E. Rooker and William V. Rooker* v. *Fidelity Trust Company, Trustee, and Fidelity Trust Company*, now pending in that court.

The motion to remand was overruled and the defendants then filed an answer in three paragraphs. This answer is not in the record. There seems to have been a motion to strike out the answer. This motion is not in the record. An order-book entry, however, shows that the court overruled this last motion. A reply to the answer was filed, but it is not in the record. On September 14, 1928, the trial of the cause was resumed, and plaintiffs, at the close of their evidence, dismissed the cause of action as to the Fidelity Trust Company in its corporate capacity.

On November 13, 1928, the court, although not requested so to do, made seven specific findings of fact and entered judgment removing the Fidelity Trust Company as trustee, and appointed Thomas E. Kane of Hamilton County, Indiana, trustee of the trust created by a trust agreement between plaintiffs and defendant, and made further orders pertaining to the sale of the Rooker lands in Hamilton County, and assumed jurisdiction over the administration of the trust estate.

On December 3, 1928, the trust company, as trustee, submitted to the Tipton Circuit Court its final report. On December 10, 1928, plaintiffs moved the Tipton Circuit Court to modify its judgment by eliminating six items specifically pointed out so that it would then include only the removal of the trust company as trustee, and also, on the same date, moved the court to remand the cause of action to the Hamilton Circuit Court. The motion to modify the judgment and motion to remand the cause were, on March 4, 1929, overruled. On January 21, 1929, the Rookers filed exceptions to the final report of the trustee, and on February 22, 1929, de-

fendant moved to strike out the exceptions to the final report, and to this motion the Rookers, on February 27, 1929, filed objections. On March 4, 1929, the court overruled the motion to strike out the exceptions to the final report and sustained the motion of the trust company as trustee to strike out the exceptions of the Rookers to its final report, except as to items 4, 7 and 8 of said exceptions.

Item 4 challenges the correctness of the report pertaining to the sale of grain and other products of the land of the trust estate, and charges that the reasonable rental value of the Hamilton County land was $2,500 per year, and that the trust company as trustee should be charged with that amount and interest for the years 1921 to 1928, both inclusive, in the aggregate, $30,000. Item 7 refers to the rents and profits of the Marion County land and charges that the report of the trustee as to the rents and profits reported was false and that the fair rental value of that land was $1,200 per year, with interest thereon for the years 1919 to 1928, both inclusive, aggregating $20,000; that said trustee fraudulently and corruptly transferred the title of the Marion County land to a holding company organized and composed of the officers, agents, servants and attorneys of the trust company for the use and benefit of that company. Item 8 charges that so much of the final report as shows proper care, maintenance and preservation of the trust estate is false and that the recovery therefor should be denied, and instead, said trust company should be surcharged with the damages for wrongful acts done by its agents, servants and employees in the destruction of certain buildings on the Hamilton County farm, together with the injury done the dwelling house thereon, its water system, sewer and drainage system, heating system, etc.; and certain injury to the land which is pointed out, by which

wrongful acts of said trustee committed, the trust estate has been damaged in the sum of $22,500.

On this record appellants have assigned 11 errors. Assigned errors (1), (5) and (6). By each of these assignments, as we understand the pleader, error is sought to be predicated on the judgment of the court in that it included matters outside of the issues submitted to the court for trial, that is to say: (1) That the court erred in its judgment of November 13, 1928 by including therein matters other than the removal of the Fidelity Trust Company as trustee; (5) error of the court in appointing Thomas E. Kane as *alias* trustee to succeed the Fidelity Trust Company; (6) error of the court in its judgment directing the Fidelity Trust Company as trustee to file a final report in the Tipton Circuit Court. If the trial court exceeded its power in these respects, the only recognized procedure for correcting such mistakes is by motion to modify the judgment, which motion should designate particularly the corrections or changes desired by the moving party. The action of the court upon such motion timely filed is the basis for an assignment of error by the aggrieved party. No question is presented by any one of the three alleged errors. *Chicago, etc., R. Co.* v. *Eggers* (1897), 147 Ind. 299, 303, 45 N. E. 786; *Evans* v. *State* (1898), 150 Ind. 651, 655, 50 N. E. 820; *Goodman* v. *State* (1919), 188 Ind. 70, 121 N. E. 826.

(2) Error of the court in sustaining appellee's motion to strike out parts of a complaint is without any basis for support, in that the complaint to which the motion was sustained is not in the record. Also the record discloses that an amended complaint was afterwards filed.

(3) Error of the court in sustaining the motion of the trust company for leave to withdraw its answer and to

file a plea in abatement challenging the jurisdiction of the Tipton Circuit Court. It appears from the record that, immediately prior to the granting of this request, the court permitted appellants to withdraw important issues tendered by their complaint. In the oral argument which was had in this case, both parties to this action conceded that the only issue submitted to the court for trial, and upon which judgment was sought, was the removal of appellee trust company as trustee. Under these circumstances, the ruling of the court was correct.

(4) Error of the court in permitting the trust company to refile its answers. No such answers are incorporated in the record. Consequently, there is nothing in the record upon which to base this assignment.

Assigned errors (7) and (11) are alike, and assert that the court erred in overruling appellants' motion "to modify its judgment of November 13, 1928, and to desist from further proceedings and to certify its proceedings and judgment to the Hamilton Circuit Court." The record shows the filing of two motions on the same date, December 10, 1928, one to modify the judgment by striking therefrom six items asserted to be *dehors* the issues as finally submitted to the court for trial, and the other, to certify the proceedings in the Tipton Circuit Court back to the Hamilton Circuit Court. Both of these motions were overruled, and the instant assignments of error seem to be an attempt to assign error on both rulings jointly. Each of these motions sought different results. The sustaining or overruling of one would have no effect on the other. Our civil code, §719 Burns 1926, requires "a specific assignment of all errors relied upon," and Rule 4 of the Supreme and Appellate Courts has the same provision. The assignments under consideration are not a specific challenge

of a single or definite action of the court, as the statute seems to require. *Eckhart* v. *Marion, etc., Traction Co.* (1915), 59 Ind. App. 217, 221, 109 N. E. 224.

If we were permitted, however, under these assignments, to consider the ruling on each motion separately, we are met with the insistence that each of these motions was not filed within the term in which the judgment was rendered. In this case, there was no motion for a new trial. The judgment was rendered at the September term of the Tipton Circuit Court, and the two motions were filed at the November term and 21 days after the September term had closed. It may be conceded that the court, during the term at which the judgment was rendered, had full power to amend, correct or vacate the cause, on the theory that it remained *in fieri* until the end of the term, but not afterwards, in the absence of statutory authority so to do. *McClellan* v. *Binkley* (1881), 78 Ind. 503; *Livingston* v. *Livingston* (1921), 190 Ind. 223, 130 N. E. 122. We are not aware of any statute or ruling of this court changing the common-law rule with respect to modifying judgments after term, other than for mere clerical mistakes or irregularities. In the present case, the motion to modify prayed for a substantial change of the judgment. In *Illinois Surety Co.* v. *State, ex rel.* (1919), 69 Ind. App. 450, 455, 122 N. E. 30, it is said: "The motion to modify the judgment was filed at a term subsequent to the rendition thereof, and sought to make a material change therein. For these reasons alone, it was properly overruled." See, also, *Farmers, etc., Nat. Bank* v. *Elliott* (1923), 80 Ind. App. 596, 141 N. E. 652; *Union Trust Co.* v. *Curtis* (1914), 182 Ind. 61, 70, 105 N. E. 562, L. R. A. 1915A 699; *Kruger* v. *Duckwall* (1922), 78 Ind. App. 577, 134 N. E. 895. In a proper case, a motion after judgment to remand to the county where the proceedings originated is not subject to the same objections which may be suc-

cessfully urged against a motion to modify the judgment, and the court's ruling thereon may be properly assigned as error, but, in this case, we have no such specific assignment.

It may be inferred from our statement of this case that the overruling of appellee's motion to remand the cause to the Hamilton Circuit Court for trial of the issue—removal of appellee as trustee—should receive some attention. No cross-error on this ruling was assigned, but if such assignment had been made, it would have answered no purpose because of the omissions and incompleteness of the record.

Separately assigned errors (8), (9) and (10) refer to: (a) overruling appellant's objections to appellee's motion to strike out their exceptions to the final report; (b) sustaining appellee's motion to strike out certain items of the exceptions; and (c) overruling appellant's motion for an order vacating all orders of sale. In view of our conclusion as to the mandate we should make in this case, anything we might say or any decision we might give in disposing of these specifications of error would be of no benefit to either of the parties.

While appellants, at the beginning of the trial of the present case, dismissed all claims for relief in their action originally begun in the Hamilton Circuit Court, cause No. 22,763, and on change of venue docketed as cause No. 855 in the Tipton Circuit Court, except the issue of removing appellee as trustee and for an accounting, still there remains in the pleadings facts germane to the issue, as finally tried, sufficient to inform this court that there was, at the time of the trial, a suit pending in the Hamilton Circuit Court, cause No. 16,338, between these identical parties, and to bring to our attention the long drawn-out litigation between appellants and appellee, as shown by the records and

opinions filed in this court and of which we may properly take notice.

Our records show that on June 5, 1914, the present appellants filed in this court a record on appeal with assignment of errors thereon, in which they were ▮▮▮ appellants and the Fidelity Trust Company was appellee, and docketed as No. 22,658, *Rooker* v. *Fidelity Trust Co.* (1915), 185 Ind. 172, 109 N. E. 766. This was an appeal from a judgment in cause No. 16,338 of the Hamilton Circuit Court. The judgment below was reversed and a new trial ordered on the ground, briefly stated, that the contract entered into between these appellants and the trust company, and the deeds executed concurrently therewith, should be treated as a trust contract with power to the trust company to sell the trust property—lands—with no right in the *cestui que* trust to have any part thereof reconveyed to them. On the return of the case to the trial court and its re-docketing under No. 16,338, the issues were re-formed, whereby these appellants charged the appellee, as trustee, with having repudiated its trust, demanded damages, an accounting, removal of appellee as trustee, and the appointment of a receiver to administer the trust estate under the terms of the trust agreement. To that complaint, appellee filed a cross-complaint, issues were formed, tried and judgment rendered, from which there was an appeal to this court and docketed as No. 23,598, *Rooker* v. *Fidelity Trust Co.* (1921), 191 Ind. 141, 131 N. E. 769. The opinion on this latter appeal contains an elaborate statement of the issues before the trial court, its judgment thereon, and the questions presented for decision, all of which were decided against the contentions of appellants and the judgment of the lower court affirmed. The pronouncements of law in those appeals must be regarded as the law of the case, and the judgment of the trial court thus affirmed in the second

appeal amounts to a final adjudication of all matters covered by the judgment. Since then, these appellants have prosecuted other appeals to this court from orders made by the lower court looking to the enforcement of that judgment and the settlement of the trust estate. *Rooker* v. *Fidelity Trust Co.* (1923), 193 Ind. 450, 141 N. E. 4; *Rooker* v. *Fidelity Trust Co., Trustee* (1924), 196 Ind. 373, 145 N. E. 493; *Rooker* v. *Fidelity Trust Co.* (1926), 198 Ind. 207, 151 N. E. 610.

This being a case of equitable cognizance, and in view of the continued litigation commenced in October, 1912, growing out of the trust agreement executed in October, 1909, we deem it not improper and in the interest of justice for this court to give consideration to the litigation and its results heretofore had and to the record made by the trial court in the instant case, and enter a mandate consistent with the circumstances past and present regardless of formalities in the presentation to us of questions in the instant case. *Shaeffer* v. *Sleade* (1844), 7 Blackf. (Ind.) 178.

At this point, we may say that we know of no statute, as in a case for the removal of an administrator (§444 Burns 1926), authorizing a change of venue from the court having jurisdiction of the trust estate in a proceeding to remove a trustee. While a trustee of a conventional trust, as here, may be removed for cause, yet such proceedings must be commenced and prosecuted in the court having jurisdiction of the trust estate. §13460 Burns 1926. Hence, if the question was before us, we would be inclined to hold that the court in which the trust is pending is the only forum having jurisdiction to try that issue, but, since that issue in the present case was tried in the Tipton Circuit Court, a court of general jurisdiction with power to try an issue of that character, we have concluded to order, and we do now order, the Tipton Circuit Court to certify its find-

ings on the issue of the removal of appellee as trustee to the Hamilton Circuit Court, and the Hamilton Circuit Court is hereby ordered to adopt the finding of the Tipton Circuit Court and enter judgment removing appellee as trustee and to make an order requiring the trustee to make a final report to that court within such time as it may determine, as a part of the proceedings in cause No. 16,338 pending in that court; that it appoint a trustee other than appellee, with instructions to proceed with the administration of the trust according to the trust agreement between appellants and appellee of date October 11, 1909, as finally determined by the decision of this court in *Rooker* v. *Fidelity Trust Co.* (1915), 185 Ind. 172, 109 N. E. 766, and the judgment of the Hamilton Circuit Court which was affirmed by this court in *Rooker* v. *Fidelity Trust Co.* (1921), 191 Ind. 141, 131 N. E. 769.

The Hamilton Circuit Court is further ordered to make such further orders in the premises as the rights of and justice between the parties to this appeal may require.

It is further ordered that the judgment of the Tipton Circuit Court and all orders by it made pertaining to the administration of said trust estate be set aside and held for naught, and that the Tipton Circuit Court make and enter on its records such orders as are necessary on its part to fully carry into effect the orders herein promulgated.

It is further ordered that the costs in the instant case in the Tipton Circuit Court be certified by that court to the Hamilton Circuit Court, and that they, as also the costs in this court, be taxed as a part of the costs in the trust estate.