Filed Jan. 11, 1887.

———————————◆———————————

No. 12,889.

SIMS ET AL. *v.* BURK.

DEED.—*Cancellation.*—*Contract.*—*Rescission.*—*Cross Bill.*— *When Court Should Direct Filing of.*—B. was induced to convey to S., by warranty deed, a tract of land owned by him and a tract owned by M., by an agreement of S. to pay the purchase-money for the former tract and the amount of a mortgage held on the latter tract by B., and to pay M. the balance of the agreed price of his land, M. thereupon to convey the same to B.; S., failed to pay M. and he refused to convey to B. Suit by B. to rescind the contract and to cancel his deed.

*Held,* that B. is entitled to the relief prayed, unless upon a cross bill, M. compels the execution of the contract between himself and S., and that, all the parties being in court, the filing of such cross bill should have been directed in order that the whole controversy might be determined.

From the Montgomery Circuit Court.

*W. H. Thompson, J. West* and *W. B. Herod,* for appellants.
*E. C. Snyder, T. H. Ristine* and *H. H. Ristine,* for appellee.

MITCHELL, J.—Burk brought suit against Sims and wife to procure the cancellation of a deed made by the plaintiff below to Mrs. Sims. Mason was made a party defendant.

The complaint discloses the following facts: In September, 1884, Burk owned a certain fourteen-acre tract of land in Montgomery county. He contracted to sell the land to Sims for $420.

Mason at the same time owned a six-acre tract adjoining

that owned by Burk. He in like manner sold his tract to Sims for the agreed price of $300.

Burk, having previously owned the six-acre tract, held an unpaid purchase-money mortgage on this tract, to secure a debt due from Mason to him for $180.

It was mutually agreed between all the parties, that Burk should convey both the fourteen and six-acre tracts to Mrs. Sims; Mason agreeing that he would convey the six-acre tract owned by him to Burk. Sims agreed to pay the latter $600, which was to liquidate the purchase-price of the fourteen acres, and the $180 mortgage due from Mason to Burk. Sims also agreed to pay Mason $120, the balance of the purchase-price of the six-acre tract, after paying off and releasing the Burk mortgage.

Pursuant to this arrangement, Burk made a warranty deed to Mrs. Sims for the twenty acres. Sims paid and secured to Burk $600, as agreed, but failing to receive the $120 due him from Sims under the arrangement above stated, Mason refused to deliver the deed to Burk for the six-acre tract. Thereupon Burk tendered back what he had received from Sims, and brought this suit to rescind the contract, and cancel his conveyance to Mrs. Sims.

The court overruled a demurrer to the complaint.

Sims and wife answered to the effect, that Burk agreed to purchase and pay for the six-acre tract of Mason, and convey it to Mrs. Sims, as had been done, and that he, Sims, owed Mason nothing. Otherwise the facts stated in the answer did not differ materially from those stated in the complaint.

The court, upon request, found the facts specially, and stated conclusions of law thereon.

The facts are found substantially as they are stated in the complaint. From the special finding it appears that the refusal of Mason to convey the six acres to Burk resulted entirely from the default of Sims, in failing to pay the $120 due Mason on the purchase-money.

The conclusions of law stated by the court were, that Burk was not entitled to a rescission of the contract or the cancellation of the deed, except as to his covenants of warranty in respect to the six acres, which Mason refused, for the reasons stated, to convey. A decree was entered accordingly. Both parties excepted to the conclusions of law stated by the court. Sims and wife have appealed. Errors and cross errors are assigned by the parties respectively.

On behalf of the appellants, it is contended that upon the facts, as stated in the complaint and found by the court, Burk was entitled to no equitable relief whatever, while the appellee claims that he was entitled to have the deed cancelled absolutely.

Upon the facts as found, it clearly appears that the appellee Burk was induced to make a warranty deed for six acres of land which he neither owned nor claimed to own, upon the faith that Sims would carry out his agreement and pay Mason $120, the balance of the purchase-price. In consequence of Sims' refusal to pay according to the agreement, Mason, as was his right, refused to convey to Burk. This left the latter in the situation of having given a warranty deed to Mrs. Sims for land to which he had no shadow of title, and exposed him to the liability of being harassed by a suit on his covenant of warranty; this too, without any fault on his part, and because of the failure of the appellant Sims to perform his engagement with Mason. Clearly, Burk was entitled to be relieved from the embarrassment into which he had thus come without fault on his part. This being so, he could only be relieved by going into a court of equity. He had no remedy so far as we can perceive in a court of law. He elected, as he had the right to do, to ask the court to relieve him by decreeing a rescission of the contract. Having offered to rescind and place the other parties *in statu quo,* Burk was entitled to be placed in the same situation he was in before the deed to Mrs. Sims was made,

unless upon a cross bill Mason chose to compel the execution of the contract between himself and Sims.

Upon the facts as found, we do not clearly see the propriety of the decree made by the court below. The parties having all been before the chancellor, the controversy between them should have been completely determined. As it. now stands, further litigation between Mason and Sims must. necessarily result, while all the parties will, meanwhile, occupy an anomalous position. The court below should have directed the filing of a cross bill by or on behalf of Mason against Sims, so as to have settled their rights respectively, as upon the determination of the controversy between them depends largely the ultimate relief to which Burk may be entitled.

Looking at the whole record and considering the errors and cross errors assigned, we have concluded to reverse the judgment below, each party to pay one-half the costs of the appeal.

A new trial is ordered, and further proceedings directed in the court below not inconsistent with this opinion.

