No. 13,891.

## MASON v. BURK.

SUPREME COURT.—*Law of Case.*—*Complaint.*—The decision of the Supreme Court on a former appeal remains the law of the case through all of its subsequent stages, and a complaint once held good can not thereafter be questioned.

SAME.—*Reversal of Judgment.*—*New Trial as to Whole Case.*—Where a judgment is reversed on appeal, with directions to grant a new trial as to the whole case, the granting of a new trial operates upon all the parties to the record.

CONTRACT.—*Rescission.*—*Cancellation of Mortgage.*—Where one of the parties to a tripartite transaction, although so directed by the court, refuses to take the steps necessary to secure a performance of the contract, he can not complain of a judgment putting all the parties *in statu quo* by rescinding the contract and cancelling the release of a mortgage held against him and entered satisfied in pursuance of the contract.

From the Montgomery Circuit Court.

*L. J. Coppage,* for appellant.

*T. H. Ristine* and *H. H. Ristine,* for appellee.

BERKSHIRE, J.—The record in this case is very imperfect, and in the condition in which we find it we are in some doubt as to whether the questions which counsel for the appellant seeks to present by his assignment of errors are before us. But as we are able to understand the course of the case from the facts stated in the special finding of the court, we will not regard the imperfections in the transcript.

The appellee filed his complaint October 6th, 1884, against George Sims, Jane Sims, and George Mason the appellant. The cause was put at issue and tried by the court, and a special finding of facts and conclusions of law made by the court, a judgment rendered for the appellee against the Simses, and a judgment in favor of the appellant for his costs. From the judgment the Simses appealed to this

Mason v. Burk.

court, giving to the appellant, their co-defendant, notice of the appeal as required by the statute.

The appellant filed a paper in this court which he styled a disclaimer. The appellee filed cross-errors. The judgment of the lower court was reversed, and the cause remanded with directions to grant a new trial, and for further proceedings not inconsistent with the opinion of this court. See *Sims* v. *Burk*, 109 Ind. 214.

After the case again reached the Montgomery Circuit Court, a new trial was granted in obedience to the order of this court, and the appellant was ordered to file a cross-complaint against the Simses. But afterwards, on his motion, the order requiring the appellant to file a cross-complaint was rescinded. After the court had granted a new trial, the appellant filed a demurrer to the complaint, which the court overruled and he excepted. He then filed a motion to strike his name from the record as a defendant to the action, which the court overruled, and he took an exception; he then filed an answer in four paragraphs, the first being a general denial. To the second, third, and fourth paragraphs the appellee filed demurrers, which were overruled as to the second and third paragraphs, and sustained as to the fourth, and exceptions were reserved by the parties respectively.

The appellee then filed a reply in two paragraphs to the second and third paragraphs of the appellant's answer, the first paragraph being a general denial. The appellant filed his demurrer to the second paragraph of reply, which was by the court overruled, and he excepted.

The cause being at issue was, by agreement, submitted to the court for trial, and afterwards, the court (having been requested so to do by the appellant) made a special finding, and to the conclusions of law as stated the appellant excepted, and thereupon a judgment was rendered for the appellee. The appellant assigns errors as follows:

1. The court erred in overruling appellant's demurrer to the complaint.

2. The court erred in overruling appellant's motion to strike his name from the record.

3. The court erred in sustaining the appellee's demurrer to the fourth paragraph of the appellant's answer.

4. The court erred in overruling appellant's demurrer to the second paragraph of reply.

5. The complaint does not state facts sufficient to constitute a cause of action.

6. The court erred in each and all of its conclusions of law upon the facts found.

It will not be necessary for us to consider the errors assigned separately; we will set out the special finding of the court, which states the facts clearly and concisely, and what we shall say with reference to the facts as found, will dispose of all the questions presented:

" ELLIS BURK
   vs.
" GEORGE SIMS ET AL.

" Come again the parties, and the defendant Mason requests the court to find specially the facts and state the conclusions of law thereon, and the court now specially finds the facts as follows:

" 1. That, on the 24th day of September, 1884, the plaintiff, Ellis Burk, was the owner of fourteen (14) acres of land situated in Montgomery county, Indiana, being part of the west half of the southeast quarter of the southwest quarter of section thirty (30), in township twenty (20) north, range four (4) west, bounded as follows: Beginning at the center of said southwest quarter and running thence south 56 rods, thence east 40 rods, thence north 56 rods, thence west 40 rods to the beginning.

" 2. That, on the said 24th day of September, 1884, George Mason was the owner in fee of six acres of land in said county, being all of that part of the west half of the southeast quarter of the southwest quarter of said section thirty (30), in township and range aforesaid, which lies south of

Mason v. Burk.

and adjacent to the fourteen acre tract owned by said Burk, as set forth in the finding last above ; that upon said six acres there was a mortgage in favor of the plaintiff, and owing by said George Mason, for $180, for unpaid purchase-money.

"3. That prior to said 24th day of September, 1884, defendant Geo. Sims entered into a parol contract with said Burk for the purchase of said Ellis Burk of this said fourteen acres of land therein before described, at $30 per acre, amounting to the sum of $420, and that prior to said day Sims also entered into a parol contract with said Mason for the purchase of said six acres of land at $50 per acre, amounting to the sum of $300, and out of the purchase-money of said six acres, that said Sims agreed with said Mason to pay to Burk the mortgage thereon on his farm, amounting to $180.

"4. That, on the 24th day of September, 1884, when the parties met for the purpose of executing deeds of conveyance in pursuance of said contract of purchase, the defendant George Sims requested said George Mason that he convey his said six-acre tract to Ellis Burk, and that said Ellis Burk then convey the said fourteen-acre tract and said six-acre tract to Jane Sims, the wife of said George Sims, in one deed, to which request Mason and Burk severally assented, said Mason only on condition it would not interfere with his trade with Sims, but of this condition Burk had no knowledge.

"5. That, on said 24th day of September, 1884, said Burk and wife executed to said Jane Sims a warranty deed for said twenty acres of land, and thereupon said Sims paid to said Burk on his purchase of said fourteen-acre tract of land in cash, $70, by note on J. W. Goben, $150, and at the same time he executed to him, Burk, his two promissory notes for $100 each, and secured said two notes by mortgage on the whole of said twenty-acre tract of land. And at the same time, in pursuance of his contract with said Mason for the purchase of said six-acre tract of land, and in part pay-

ment of the purchase-money therefor, he paid in cash to said Burk for said Mason the further sum of $180, being the full amount of the mortgage held by said Burk on said six-acre tract, and due him from said Mason, and that said Burk then released said mortgage upon the proper record in the county recorder's office.

" 6. That said George Mason and his wife signed and acknowledged a warranty deed to said Burk on said day for said six-acre tract of land, but failed and refused to deliver the same to said Burk, for the reason that said George Sims refused to pay to said Mason the sum of $120 due him as the balance of the purchase-money of said six acres over and above the said $180, according to their said contract of purchase.

" 6½. That said six-acre tract of land was included in said deed of Burk to Sims under the expectation and belief on the part of the plaintiff Burk that the contract for the purchase and sale of the same which had been made between said Sims and Mason would then and there, on said 24th day of September, be fully consummated by the execution of a deed therefor to the said Burk as a part of the transaction in accordance with the understanding of all the parties as above found.

" 7. That, on October 4th, 1884, and before the beginning of this suit, the plaintiff demanded a rescission of said contract and made demand therefor of said George Sims and Jane Sims, at the same time tendered to them $250 United States currency, commonly called " greenbacks," and also tendered to them the note on J. W. Goben for $150, and the two notes of $100 each which had been executed by them September 4th, 1884, together with the mortgage securing the same, being all that the said Burk had received from them, and at the same time demanded a conveyance to himself of said twenty acres of land.

" 8. That said plaintiff, Ellis Burk, was, at the beginning of said suit, able, willing, and ready to bring into court said

Mason v. Burk.

money, notes and mortgage so tendered as aforesaid to said George and Jane Sims, to comply with any order of the court in relation thereto, and ever after continued so ready, able, and willing, until the rendition of the judgment in said cause at the March term, 1887, whereby a rescission was adjudged as between plaintiff and Sims and Sims.

" The court finds that the complaint in this case is the same one originally filed on the 6th day of October, 1884; that prior to the appeal heretofore taken in this case defendants Sims and Sims answered separately, and defendant Mason filed a general denial, and upon the issues joined the court made a special finding of facts and stated conclusions of law; that a judgment was rendered in said cause that plaintiff Burk be released from his covenants of warranty in his deed to said Jane Sims, and that defendant Mason recover of plaintiff his costs taxed at $— ; that the plaintiff was not entitled to a rescission of his contract as to the six-acre tract, nor as to the fourteen-acre tract; from which Sims and Sims took said appeal and joined said Mason as a co-party in said appeal; that said Mason filed in the Supreme Court a disclaimer.

"10. That both plaintiff and defendant Sims excepted to the conclusions of law as stated by the court, but that defendant Mason made no objections or exceptions thereto, and no motion was made for a new trial by any of the parties to said case.

" 11. That the defendant Sims appealed to the Supreme Court, and assigned errors against plaintiff Burk upon the record thereof as follows:

" ' STATE OF INDIANA, ⎫
 MARION COUNTY. ⎬  *In Supreme Court.*
⎭

" ' GEORGE SIMS, ⎫
 JANE SIMS,  ⎪
 GEORGE MASON, ⎬  *Appeal from Montgomery Circuit*
  *vs.*   ⎪     *Court.*
 ELLIS BURK. ⎭

" 'Assignment of errors:

" ' The appellants George Sims and Jane Sims each sev-

erally for himself and herself says that there is manifest error in the proceedings and judgment of the Montgomery Circuit Court in the above entitled cause, for the reasons following :

" ' 1st. The court erred in overruling the separate motion of each of said appellants to tax the costs in the cause against the appellee, Ellis Burk.

" ' 2d. The court erred in overruling the separate motion of each of said appellants to tax the costs of the issues tried to said appellee, Ellis Burk.

" ' 3d. The court erred in overruling the separate demurrer of each of the appellants, George Sims and Jane Sims, to the (plaintiff's) appellee's complaint.

" ' 4th. The court erred in its conclusions of law upon the special finding of facts. Wherefore the appellants George Sims and Jane Sims each separately pray the court to reverse in all things the said judgment and proceedings, and they ask all other proper relief.'

" 12. That said appellants Simses notified George Mason, their co-defendant, of said appeal, and requested him to join therein, but he refused to join therein, and filed in the Supreme Court a disclaimer.

" 13. The plaintiff, Burk, assigned cross-errors on said record against the defendants Sims and Sims as follows :

" ' In the Supreme Court of Indiana, May term, 1885.
" ' George Sims, Jane Sims, George Mason, Appellants, vs. Ellis Burk, Appellee.

" ' Cross-assignment of errors. The appellee, Ellis Burk, by way of cross-assignment of errors, says that the court committed the following errors against him, namely :

" ' 1. The court erred in its conclusions of law upon the special finding of facts.

" ' 2. The court erred in overruling the demurrer to the separate answer of George Sims and Jane Sims. And the appellee prays that the court will consider and decide upon the errors by him assigned. '

"And no errors were assigned by Mason, or against him, and no steps taken by the appellee to bring him into court.'

" 14. That, on the 13th day of January, 1887, the judgment was by said Supreme Court reversed upon the whole record, and the error and cross-errors thereon assigned, and the cause remanded to the circuit court for further proceedings thereon.

" 15. That, on the — day of March, 1887, judgment was rendered in the cause between the plaintiff and the defendants Sims by agreement, and said cause discontinued as to them ; that defendant George Mason did not agree to said judgment, but was present by counsel and made no objection thereto.

"And the court states as conclusions of law on the foregoing facts :

" 1. That the plaintiff, Ellis Burk, is entitled to the relief prayed for in his complaint.

" 2. That the reversal of the case by the Supreme Court was a reversal as to the defendant Mason. It therefore finds for said plaintiff.    P. S. KENNEDY, *Judge Pro Tem.*"

To each of which conclusions of law the defendant George Mason excepted.

The court then rendered the following judgment :

" It is therefore considered, adjudged, and decreed by the court that the mortgage executed on the 10th day of February, 1883, by said defendant George Mason to the defendant (plaintiff), Ellis Burk, and recorded in the office of the recorder of Montgomery county, Indiana, in mortgage record No. 22, page 172, be firm and effectual, and in full force in favor of the plaintiff, and that the satisfaction of said mortgage entered by said Burk upon the margin of said mortgage record on September 24th, 1884, be set aside and cancelled, and the recorder of said county is hereby authorized and empowered and directed to cancel the satisfaction so entered.

". It is further considered by the court that the plaintiff re-

cover of the defendant, George Mason, his costs herein laid out and expended, taxed at $—.''

The judgment of this court in the case of *Sims* v. *Burk*, *supra*, reversed the judgment of the court below as to all the parties against whom judgment was rendered, and the direction given to the court below was to grant a new trial as to the whole case, and when the new trial was granted it was not as to the Simses alone, but operated upon all the parties to the record.

. The court below committed no error in overruling the demurrer of the appellant to the complaint, for the reason, if for no other, that this court decided on the former appeal that the facts stated in the complaint not only constituted a good cause of action against the Simses, but also against the appellant.   The decision of this court on a former appeal remains the law of the case through all of its subsequent stages.   *Dodge* v. *Gaylord*, 53 Ind. 365 ; *Board, etc.*, v. *Jameson*, 86 Ind. 154 ; *Gerber* v. *Friday*, 87 Ind. 366 ; *Anderson* v. *Kramer*, 93 Ind. 170 ; *Jones* v. *Castor*, 96 Ind. 307 ; *Hibbits* v. *Jack*, 97 Ind. 570.

If the appellant had seen proper after the case had been remanded to the Montgomery Circuit Court, to have followed the direction given by this court, and filed his cross-complaint against the Simses to compel them to perform the agreement with him, and brought into court a conveyance for the six-acre tract which, under the arrangement, he was to convey, on a proper application made by him, the court would have stayed proceedings on the part of the appellee until the matters in question between the Simses and the appellant were determined, and upon obtaining a decree against the Simses, such as would have protected the appellee against the covenants of warranty in his deed to Jane Sims, there would have been no occasion for a rescission of the contract, and the appellant would have had a complete defence to the appellee's action.

But the appellant, when directed by the court below to file

a cross-complaint, refused to do so, and, upon his applica-
tion, the order requiring him to file his cross-complaint was
set aside. After the appellant had refused to take the neces-
sary steps as marked out by this court, whereby each party
would have been required to perform his and her part of the
contract, the only course left open to the appellee was to
prosecute his action for a rescission of the contract.

After the decision of this court on the former appeal, if
the Simses saw proper to accept the inevitable, and let a
judgment for a rescission of the contract go as against them,
the appellant had no reason to complain; it was immaterial
to him whether the matters as between the appellee and the
Simses were settled by agreement or at the end of another
lawsuit.

After the contract had been rescinded as between the ap-
pellee and the Simses, nothing remained to be done to put
the parties *in statu quo* but the cancellation of the entry of
satisfaction upon the margin of the mortgage record where
the mortgage which the appellee held upon the appellant's
six-acre tract of land was found recorded.

No part of the indebtedness secured by the mortgage had
been paid, and the appellant did not so claim; why, then,
should not the mortgage be restored in all of its force and
vigor, as before the entry of satisfaction? We can imagine
no good reason to the contrary, and none has been pointed
out. The proposition is one that equity and good conscience
will not tolerate for a moment. The defence which the ap-
pellant has made, and is still insisting upon, is but an at-
tempt to take from the appellee an indebtedness honestly due
him, amounting to $180 (for there has never been any claim
that it was not a just debt), together with the security which
he holds for its payment, with no pretence of giving him
anything in return. The proposition is monstrous.

The judgment of the court below was eminently proper,
and is affirmed, with costs.

Filed Sept. 27, 1889; petition for a rehearing overruled Dec. 12, 1889.