Filed Feb. 16, 1894.

---◆---

No. 902.

THE INDIANA NATIONAL BANK OF LAFAYETTE *v.* THE FIRST NATIONAL BANK OF CRAWFORDSVILLE.

PLEADING.—*Answer, Amendment to.—Sufficiency After Amendment.— Banks and Banking.—Forgery.—Township Order.—Notice.*—In an action by a bank at C. against a bank at L. to recover money paid by it on account of a forged township order, the defendant having answered that it purchased the order from the payee for a valuable consideration, in good faith, after a proper identification, and forwarded it for collection and received the money without any knowledge or information that the instrument was not genuine, the trustee's handwriting being entirely unknown to it, and a demurrer having been sustained to such answer, the defendant amended by adding that on the 4th day of January, 1884 (the day of its maturity and payment), the payee of the warrant was living in Lafayette, and had $2,000 of money and property from which the warrant could and would have been collected, but that before January 31, 1884 (the time of the discovery and notice of the fraud), he had left the State for parts unknown, taking with him all his property, and that by reason of appellee's failure to give appellant immediate notice that such order was a forgery, the money was lost,—the amendment to the answer did not make it sufficient, as it fails to show that either the payee or his property

186    APPELLATE COURT OF INDIANA,

Indiana Nat'l Bank of Lafayette v. First Nat'l Bank of Crawfordsville.

was within reach of any process after a reasonable time had elapsed for the discovery of the forgery.

From the Carroll Circuit Court.

*J. R. Coffroth* and *W. R. Coffroth*, for appellant.
*W. W. Thornton*, for appellee.

GAVIN, J.—This was a suit brought by appellee to recover money paid by it to appellant on account of a forged township order.

From the complaint, it appears that the warrant or order was payable at appellee's bank; that on January 4, 1894, the day of its maturity, it was presented to appellee by appellant's correspondent, another bank at Crawfordsville, which received the money thereon from appellee; that the order bore the general indorsement of the payee, and also that of the appellant, the latter being "for collection," and to its correspondent; that the trustee was a customer of appellee, and had instructed it to pay any orders drawn by him which were presented; that appellee paid the order, relying upon this instruction and upon appellant's indorsement.

On January 31, 1884, appellee for the first time discovered that the order was a forgery, and immediately notified appellant of that fact.

Appellant filed an answer showing that it purchased the order from the payee for a valuable consideration, in good faith, after a proper identification, and forwarded it for collection and received the money without any knowledge or information that the instrument was not genuine, the trustee's handwriting being entirely unknown to it.

Both the complaint and answer appear in full in the report of this case in 4 Ind. App. 355, under the title *First Nat'l Bank, etc.,* v. *First Nat'l Bank, etc.*

This fact makes it unnecessary for us to set out, at

this time, more than a brief outline of the original pleadings.

By the order of the Appellate Court, a demurrer was sustained to the answer, which was then amended by adding the averments that on the 4th day of January, 1884 (the day of its maturity and payment), the payee of the warrant was living in Lafayette, and had $2,000 of money and property from which the warrant could and would have been collected, but that before January 31, 1884 (the time of the discovery and notice of the fraud), he had left the State for parts unknown, taking with him all his property, and that by reason of appellee's failure to give appellant immediate notice that said certificate was a forgery the money was lost.

To the amended answer a demurrer was sustained, and this ruling is assigned as error here.

The principal portion of appellant's brief is devoted to a very earnest and able argument questioning the correctness of the former decision of this court in this cause in holding bad the answer as then presented to it. It is needless, however, for us to reconsider the merits of this decision. It is established as the law of this case. The time for argument is past. The discussion is closed. The law has been declared, and thus it must remain, so far as this case is concerned. *Dodge* v. *Gaylord*, 53 Ind. 365; *City of Logansport* v. *Humphrey*, 106 Ind. 146; *Mason* v. *Burk*, 120 Ind. 404; *Nickless* v. *Pearson*, 126 Ind. 477; Elliott's App. Proced., section 578.

Appellant's counsel insist, however, that conceding the law to be as asserted by the court in the former opinion, they have, by their amendments, brought their answer within the rule as therein laid down.

We are unable to so regard it. The law, as announced by the cases generally, is, in this opinion, declared to be that "The bank (paying) is presumed to know the hand-

writing of the drawer, and, therefore, as between them, the bank must, because of its imputed negligence, bear the loss, *if the holder was innocent of contribution to this mistake.*"

Again it is said: "The bank can not compel the holder to whom the payment was made to restore the money, *unless the holder be in some way implicated in fault.*"

It is then decided in the opinion that under the facts set forth in the complaint and answer, the appellant was in fault in that his indorsement had contributed to "divert the appellant (appellee here) from inquiry and scrutiny, for it gave to the paper the appearance of a genuine transaction."

We think it clear that the decision of the case was not based upon the failure of the answer to show that appellant had not been placed in a worse position by the payment, but, on the contrary, is founded upon the holding that appellant's conduct had in part brought about the failure to discover the forgery at the time of the payment of the order.

As bearing somewhat on the questions determined in the former opinion, we would cite: *People's Bank* v. *Franklin Bank*, 88 Tenn. 299, and *First Nat'l Bank* v. *First Nat'l Bank* (Mass.), 24 N. E. Rep. 44.

Neither does the former decision sustain appellant's position that it should be permitted to retain the money because it is now in a worse position than if payment had been refused. On the contrary, while we do not deem this question to be very squarely decided, the drift of the opinion seems to be toward holding that if it appeared that appellant's position was unchanged, and it had lost no remedy by reason of the payment, appellee's recovery could not then be defeated if it appeared that appellant's own conduct had not been such as to

Indiana Nat'l Bank of Lafayette *v.* First Nat'l Bank of Crawfordsville.

mislead the appellee and prevent the usual scrutiny and other precautions against fraud or mistake.

Did the answer show that after the payment had been made there had been unreasonable delay upon the part of appellee in discovering the forgery and notifying appellant, and that loss thereby ensued to appellant, quite another question from that in hand would be presented. Here the allegation of the answer is that on the day of the payment the payee had property which passed out of reach between that time and the time of receiving the notification. How long after the 4th this property and the payee remained within reach of process does not appear. It may have been one hour, or it may have been a week.'

It certainly does not appear from the averments of the answer, that either the payee or his property were within reach of any process for any period of time, after a reasonable time had elapsed for the discovery of the forgery, subsequent to the payment of the forged order.

Our conclusion is, that the amendment to the answer does not free it from the infirmities adjudged against it on the former decision of the cause.

Judgment affirmed.

Filed Feb. 2, 1894.