ROOKER ET AL. *v.* FIDELITY TRUST COMPANY.

[No. 23,598. Filed June 22, 1921. Rehearing denied October 12, 1921.]

1. APPEAL.— *Review.*— *Overruling Motion to Strike Out.*— No error can be predicated upon the overruling of a motion to strike out a part or all of a pleading. p. 159.

2. SET-OFF AND COUNTERCLAIM.— *"Counterclaim."*— *Statute.*— Under the statute (§355 Burns 1914, §350 R. S. 1881) a counterclaim is a matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant or which would tend to reduce the plaintiff's claim or demand for damages. p. 160.

3. SET-OFF AND COUNTERCLAIM.— *Counterclaim.*—*Sufficiency.*—A counterclaim is good and germane to the principal case if it alleges matters connected with the subject of the original action. p. 160.

4. SET-OFF AND COUNTERCLAIM.— *Counterclaim.*—*Cross-Bill.*—A counterclaim under the provisions of the Code (§355 Burns 1914, §350 R. S. 1881) is the equivalent of the cross-bill in equity and includes common-law recoupment. p. 160.

5. PLEADINGS.— *Cross-Bill.*—*Office.*—The purpose of a cross-bill is to obtain full relief for all parties and a complete determination of all controversies which arise out of the matters charged in the original bill. p. 160.

6. PLEADINGS.—*Cross-Bill.*—In a proceeding by the settlors of a trust against the trustee for violation of the trust, for damages and an accounting, it was the duty of the court, if necessary, to require a cross-bill to be filed which would enable it to completely settle the controversy. p. 161.

7. ELECTION OF REMEDIES.—*Misconception of Remedy or Rights.*—A party who has two or more remedies or who miscon-

ceives his rights is not deprived of all remedy because he first tries a wrong one.   p. 161.

8.   ELECTION OF REMEDIES.—*Applicability of Doctrine.*—The doctrine of election of remedies does not apply unless in fact two remedies are available, one of which is elected by the litigant. p. 161.

9.   PLEADINGS.—*Motion to Make More Specific.*—The object of a motion to make a pleading more specific is to require the pleader to state with certainty what is vaguely stated in the pleading.   p. 161.

10.   PLEADINGS.—*Motion to Make More Specific.*—*Counterclaim.* —*Error.*—In an action against a trustee, where the trustee filed a counterclaim setting up very fully and in detail the trust, and the settlors did not claim that there was uncertainty and vagueness of statement, it was not error to overrule a motion to make more specific.   p. 161.

11.   TRIAL.—*Motion for Judgment on Special Findings.*—*Error.* —It was not error to overrule a motion for a judgment on the special finding of facts as such a motion is not recognized by the Code of Procedure in this state.   p. 162.

12.   APPEAL.—*Presenting Question for Review.*—*Findings.*—*Sufficiency.*—*Conclusions of Law.*—*Exceptions.*—The sufficiency of the evidence to sustain the finding is raised by a motion for a new trial, and questions of law raised by the conclusions of law stated on a finding can be presented only by exceptions taken to the conclusions of law.   p. 162.

13.   APPEAL.—*Presenting Question for Review.*—*Conclusion of Law.*—*Exceptions.*—*Time of Taking.*—In an action by settlor against a trustee, after the court filed its special finding of facts and conclusions of law thereon, the settlor filed a motion for judgment on the special finding of facts, after the motion was overruled the settlor excepted to the conclusions of law, under such circumstances the exceptions were not available, as exceptions to conclusions of law upon specially found facts must be taken before the taking of any other step in the cause by the excepting party.   p. 162.

14.   APPEAL.—*Presenting Questions for Review.*—*Correctness of Conclusions of Law.*—*Motion to Modify Judgment.*—The correctness of the conclusions of law cannot be questioned by a motion to modify the judgment, nor does such motion present any question if the judgment rendered conforms to the conclusions of law.   p. 163.

15.   APPEAL.—*Briefs.*—*Sufficiency.*—*Statement of Evidence.*—No question is presented for review on appeal as to the sufficiency of the evidence where appellant's brief gives a part of the evidence, mixed with statements and arguments of counsel, propo-

sitions of law and citation of cases, instead of a condensed recital of the evidence in narrative form as required by the fifth clause of Rule 22 of the Supreme Court. p. 163.

From Hamilton Circuit Court; *Earle Sample,* Special Judge.

Action by Dora E. Rooker and others against the Fidelity Trust Company. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*William V. Rooker,* for appellants.

*Charles E. Cox* and *Henry Seyfried,* for appellee.

WILLOUGHBY, J.—This case is a resumption of proceedings under the mandate of this court in *Rooker* v. *Fidelity Trust Co.* (1915), 185 Ind. 172, 109 N. E. 766. The appellants, as settlors of a trust in lands, sued appellee, who was the trustee, alleging a violation and repudiation of the trust and demanding damages, an accounting, that the appellee trustee be removed, and that a receiver be appointed for the trust estate to administer it under the terms of the trust agreement. Appellee on its part filed a cross-complaint in which it set up the same trust and its duties under it as trustee, its performance of all its duties save the sale of the trust estate, its reason for not making such sale, its purpose to carry out the sale and its hindrance by appellants' interference and claim of title. It asked an accounting, that its title as trustee be quieted, that appellants be enjoined, and that it be decreed to make sale pursuant to the trust agreement and distribution of proceeds accordingly.

Appellants' complaint was answered by appellee trustee by general denial. Issue was formed on the cross-complaint of appellee trust company by answer of general denial and by special partial answers, the issues on the latter being made by replies in general denial. On these issues the cause was submitted to the court

for trial and the following special finding of facts and conclusions of law were made and stated by the court.

The court finds the facts to be:

(1)    That on and prior to October 11, 1909, the plaintiff, Dora E. Rooker, was the owner in fee simple of certain real estate situate in Hamilton county, Indiana.

(2)    That on and prior to October 11, 1909, the plaintiffs, William V. Rooker and Dora E. Rooker, husband and wife, were the owners in fee simple as tenants by entireties of certain real estate situated in Marion county, Indiana.

(3)    That on said October 11, 1909, said plaintiff Dora E. Rooker and William V. Rooker, her husband, executed and delivered to said cross-complainant, Fidelity Trust Company, as trustee, their warranty deed for the lands in Hamilton county—

"* * * To have and to hold, said real estate, however, in trust for the use and benefit of said Dora E. Rooker and to protect and discharge the obligations arising out of claims and liens or the right of liens by reason of improvements made on the above described real estate.

"Said Fidelity Trust Company of Indianapolis, Indiana, as aforesaid, to sell and convey said lands or any part of them at such prices and upon such terms as may be from time to time dictated in writing by said Dora E. Rooker; to execute the proper trustee's deed or deeds conveying the title thereto in fee simple to the purchaser; it being hereby understood and agreed that any deed so executed by said Fidelity Trust Company of Indianapolis, shall convey a good and indefeasible title in fee simple to such purchaser or purchasers as fully as this grantor could herself do, and any such purchaser or purchasers shall in no wise be responsible for the application of the proceeds arising from such sale in the hands of the said Fidelity Trust Company of Indianapolis, Trustee.

"And said Fidelity Trust Company of Indianapolis, as such trustee, shall have full power and

authority to make contracts in writing for the sale of the foregoing real estate, or any part or all of said real estate and convey same free and clear of any incumbrance or convey the same subject to any existing incumbrances. And to do any and all acts and to execute any and all papers, which may be necessary to protect the interests of this grantor, the mortgagee and other lien holders in and to said real estate and to conserve the trust hereby created.

"And in the event any such liens or charge against said real estate be paid by the Fidelity Trust Company, Trustee, the said Fidelity Trust Company, Trustee, shall be subrogated to all the rights of such original lien holders and the same shall be enforcible by it and collectible with interest at the rate of 6% per annum, to be credited semi-annually as a debit and charge against said real estate.

"This conveyance is made subject to the taxes for the years 1908 and 1909 and subject also to a certain mortgage executed to the American Central Life Insurance Company, by this grantor and William V. Rooker, her husband, on November 19th, 1908. Said mortgage secured the payment of a certain principal note of said grantor in the sum of Fourteen Thousand ($14,000) Dollars, together with interest thereon and recorded in mortgage record 52, page 84, in the office of the Recorder of Hamilton county, Indiana."

That said indenture by Dora E. Rooker and William V. Rooker, her husband, was received for record on October 14, 1909, and recorded in record 97, at page 117, in the recorder's office of Hamilton county, Indiana.

(4) That on said October 11, 1909, the plaintiffs William V. Rooker and Dora E. Rooker, husband and wife, executed and delivered to said cross-complainant Fidelity Trust Company, as trustee, their warranty deed for the lands in Marion county—

"* * * To have and to hold said real estate, however, in trust for the use and benefit of said grantors, William V. Rooker and Dora E. Rooker,

and to protect and discharge the obligations of the trust herein with the powers and limitations as follows:

"Said Fidelity Trust Company of Indianapolis, Trustee, as aforesaid to sell and convey said real estate according to the terms of a certain contract of even date herewith, within one (1) year after the date of these presents for a consideration fixed in said contract and should it so happen that said real estate be not sold within said period of one (1) year, for the sum nominated in said contract, then after ninety days notice in writing, to be given to the grantors by the trustee herein, the trustee may publicly advertise said real estate and sell the same at public or private sale at such price as it may bring and upon the consummation of such sale as may be made by said Fidelity Trust Company of Indianapolis, as such trustee to execute the proper trustee's deed conveying the title thereto in fee simple to its said purchasers. It being hereby understood and agreed that any deed so executed by said Fidelity Trust Company of Indianapolis, Trustee, shall convey a good and indefeasible title in fee simple to such purchaser or purchasers as fully as these grantors could themselves do, and any such purchaser or purchasers shall in no wise be responsible for the application of the proceeds arising from such sale in the hands of the said Fidelity Trust Company of Indianapolis, Trustee, but said Fidelity Trust Company is directed to apply the proceeds arising from such sale in the manner and for the purposes set out in the contract entered into between said grantors and said Fidelity Trust Company, Trustee, on this date.

"The said Fidelity Trust Company of Indianapolis, as such trustee shall have full power and authority to make contracts in writing for the sale of the foregoing real estate or any part or all of said real estate and convey the same free and clear of any incumbrances or subject to any existing incumbrances, and to do any and all acts and to execute any and all papers which may be necessary to protect the interest of the grantors in and to said real estate and to conserve the trust hereby created and it is hereby further understood and agreed that if the said Fidelity Trust Company of Indianapolis,

as trustee, shall elect to pay any lien, charge or in-cumbrance existing against said real estate, the said Fidelity Trust Company of Indianapolis, Trus-tee, shall be subrogated to all the rights, title and interest held by the original parties thus paid and the same shall be collectible and enforcible in its hands, together with interest thereon at the rate of 6% per annum, to be credited semi-annually to said Fidelity Trust Company as a debit and charge against the grantors and the real estate above de-scribed.

"This conveyance is made subject to the taxes for the year 1908 and 1909 and subject also to a certain mortgage executed March 12, 1909, by the grantors, William V. Rooker and Dora E. Rooker husband and wife, to the Indianapolis Life Insur-ance Company to secure the payment of one prin-cipal note of the sum of six thousand ($6,000) dol-lars and interest coupon notes thereon which mort-gage is recorded in mortgage record 523, page 128, in the office of the Recorder of Marion county, State of Indiana."

That this indenture was received for record on October 14, 1909, and recorded in Record 52, page 101, in the office of the recorder of Marion county, Indiana.

(5)    That contemporaneously with the execution of the two warranty deeds executed on October 11, 1909, to said Fidelity Trust Company, trustee, and as part of the same transaction, the plaintiffs, Dora E. Rooker and William V. Rooker, as first parties and the defendant and cross-complainant, Fidelity Trust Company of In-dianapolis, Indiana, as second party, executed in du-plicate on October 11, 1909, a memorandum or contract in writing. (This memorandum or contract in writing is set out in full in the opinion in *Rooker* v. *Fidelity Trust Company, supra,* beginning on page 173.)

(6)    That since the execution of said warranty deeds and said written memorandum, the plaintiff, Dora E. Rooker, has continued in the possession of and farmed all the lands situated in Hamilton county, Indiana, and

is now in possession thereof, and that the plaintiffs, William V. Rooker and Dora E. Rooker, have continued in the possession of and farmed all of the real estate situated in Marion county, Indiana, and are now in possession thereof.

(7) That ever since the execution of said warranty deeds and the execution of said written memorandum the plaintiff, Dora E. Rooker, has received all of the proceeds arising out of the Hamilton county real estate and has not at any time rendered an accounting to the Fidelity Trust Company, trustee, and the plaintiffs, William V. Rooker and Dora E. Rooker have received the proceeds arising out of the Marion county real estate and have not at any time rendered an accounting to the Fidelity Trust Company, trustee.

(8) That Fidelity Trust Company, trustee, has not sold or conveyed any of the real estate conveyed to it by plaintiffs and that the title of the same is now in the said Fidelity Trust Company, trustee, and that said Fidelity Trust Company is not claiming or asserting any other title than the title and right set forth in the deeds of conveyance and memorandum of trust, hereinbefore set out in these findings.

(9) That prior to the commencement of plaintiff's action, namely, on or about October 15, 1912, the defendant and cross-complainant, Fidelity Trust Company, trustee, served a written notice upon the plaintiffs demanding the payment of a certain sum aggregating $19,600.04, and tendered for delivery its quit claim deeds conveying and quit claiming said Hamilton county and Marion county lands to the original grantors upon the payment of the aforesaid sum upon demand and stating that said quit claim deed will remain in the office of Fidelity Trust Company for delivery until October 30, 1912, upon payment of the demand.

(10) That the plaintiff, Dora E. Rooker, in the con-

struction of her dwelling house on the Hamilton county land, contracted large liabilities to various persons, firms and corporations for work and labor done and material furnished for and used in said construction, and for large sums of money borrowed and used in said construction, and also contracted certain liabilities in her farming operations. That said Fidelity Trust Company, trustee, under said contract and upon the security evidenced by said two separate warranty deeds, and agreement of trust, all executed and delivered October 11, 1909, did from time to time thereafter upon the written order and direction of the plaintiff Dora E. Rooker, first pay out the total sum of $6,000 and did further, after paying on the written order and direction of said Dora E. Rooker the total sum of $6,000, let out and expend a large sum of additional money to protect its interests in and to said real estate and conserve the property. That the written orders of the plaintiff Dora E. Rooker issued from time to time to the defendant and cross-complainant Fidelity Trust Company, directing the payment of certain obligations showing on their face the nature of the claim, the amount thereof, and the party to whom payment should be made, and that the signature affixed thereon is the signature of the plaintiff, Dora E. Rooker.

(11) That said Fidelity Trust Company made payment on such written orders issued from time to time by the plaintiff, Dora E. Rooker, which payments are evidenced by vouchers signed by the plaintiff, Dora E. Rooker, and receipted by the respective parties in whose favor the voucher is drawn aggregating the sum of $15,813.21.

(12) The Fidelity Trust Company laid out and expended pursuant to said trust agreement the following additional amounts aggregating the sum of $21,194.27.

(13) That no assets came into the possession of

the trustee other than lands described and that all the moneys paid out by the defendant cross-complainant was the money of the Fidelity Trust Company, of Indianapolis, Indiana, a corporation engaged in the business of operating a trust company under the laws of the State of Indiana, and that no part of the amount paid out and advanced has ever been repaid, and that the full amount paid out and advanced, less credits hereinafter allowed, remains wholly unpaid.

(14)   That under the agreement between the two parties the defendant and cross-complainant, Fidelity Trust Company, trustee, is entitled to have and receive for its compensation, a trustee's fee of $150, which has been charged against the plaintiffs by the written order of Dora E. Rooker; a commission of two per cent. on loans and advancements and all moneys laid out and expended, of which $120 has been charged against the plaintiffs by the written order of Dora E. Rooker; and that said defendant and cross-complainant is further entitled to have and receive interest on all moneys loaned or advanced at the rate of six per cent. per annum.

(15)   That the plaintiffs are entitled to the following credits, to wit: $95, together with interest thereon at six per cent. from October 16, 1909, on account of the cancellation of insurance policy of $6,000, said sum having been charged against plaintiffs under order and voucher dated October 16, 1909; also a credit of $500 with interest at four per cent. from August 26, 1910, less $15 deducted from the principal amount as a premium upon the surety company bond, being the proceeds of the certificate of deposit deposited with the Illinois Surety Company as collateral on a supersedeas in the case of *William V. Rooker and Dora E. Rooker* v. *Ludowici Celadon Company* in the appellate court, which cause was affirmed on appeal and upon the judg-

ment being paid said security of deposit returned; also a rebate of $402.81 representing the various amounts of penalties and costs, including in various payments for taxes on the Marion county lands.

(16) There is now due and owing to the defendant and cross-complainant herein from the plaintiffs cross-defendants herein, the principal sum of $37,007.48; and for the interest thereon, the aggregate sum of $14,271.29; and for commission at two per cent. on all funds paid out in excess of $6,000 the aggregate sum of $620.14 from which there shall be deducted the aggregate sum of $982.81, together with interest thereon amounting to $218.51, being the credits set out in the preceding finding, leaving a net aggregate balance due and owing to the defendant and cross-complainant herein in the sum of $50,697.59.

(17) That all the amounts advanced and paid out by the defendant Fidelity Trust Company, trustee, as hereinbefore set out were advanced and paid out by it under and pursuant to said memorandum and agreement of trust and the deeds of conveyance, hereinbefore set out, to protect and preserve the trust estate and were so paid out for the personal use and benefit of the plaintiff, Dora E. Rooker, and her separate estate and were received by her and applied for such purpose and said Fidelity Trust Company, trustee, is entitled to reimburse itself therefor according to the terms of said trust agreement by the sale of said lands therein provided.

(18) That on June 21, 1917, the defendant Fidelity Trust Company, as trustee, served a notice upon William V. Rooker and Dora E. Rooker of which the following is a copy:

"To William V. Rooker and Dora E. Rooker:
"Pursuant to the provisions of the deed of conveyance executed to the undersigned as trustee, on

the 11th day of October, 1909, conveying to the undersigned as Trustee, the following described real estate in Marion county, State of Indiana, to wit: The southeast quarter of the northeast quarter of section 33, township 17 north, range 4 east, containing 40 acres more or less; also the southwest quarter of the northwest quarter of section 34, township 17 north, range 4 east, containing 40 acres, more or less, and the memorandum executed concurrently therewith, notice is hereby given that the Fidelity Trust Company as trustee will ninety (90) days after the delivery hereof, publicly advertise said real estate and sell the same at the highest price obtainable and upon the consummation of a sale, the undersigned as such trustee will execute to the purchaser a proper trustee's deed conveying the title thereto in fee simple to the purchaser. Dated at Indianapolis, Indiana, this 21st day of June, 1917.

Fidelity Trust Company, Trustee,
By W. M. Fogarty, President.

Attest:
    James G. Flaherty, Secretary."

(19) That after the execution of said deeds of conveyance and written memorandum set forth in paragraphs of this finding designated third, fourth and fifth, and prior to the demand for repayment and tender of deed of reconveyance set forth in the ninth paragraph of this finding, the plaintiff, William V. Rooker acting for himself and his wife, and co-plaintiff, Dora E. Rooker, did on several occasions express and convey to defendant, the Fidelity Trust Company, their intentions to pay off the advancements, more specifically set forth in this finding, theretofore made by it under said deeds and memorandum and take reconveyance of said land and otherwise by their course and conduct did induce said demand for repayment and tender of reconveyance.

(20) That said Fidelity Trust Company, trustee, used all due diligence to sell said lands mentioned and described herein in accordance with the provisions of

said trust agreement, hereinbefore set out, but that said Marion county lands were not sold within one year after the execution of said memorandum and deeds, and have not yet been sold by said trustee under said trust provisions; that ninety days notice in writing was given, as set forth in the previous findings, notifying the plaintiffs of the proposed sale of said Marion county lands under said trust agreement; that the plaintiffs have been, were then, and are now asserting an interest in said lands adverse to the rights of said trust company, as trustee, and are now disputing and denying its right to make sale of such lands under and pursuant to the terms of the deed of conveyance and said memorandum of trust agreement, and are likewise now asserting an interest in the Hamilton county lands, adverse to the right of the said trust company, as trustee, and are disputing and denying its right to make sale of such lands under and pursuant to the terms of said deed and the memorandum of trust agreement recited in the finding above. That the plaintiffs, in open court, have disputed and now deny the right of the said trust company as trustee, to sell the lands conveyed to it in trust, and are actively opposing such efforts to sell and now are resisting the sale of said lands or any of them by said trustee; and are now prosecuting an appeal in the Appellate Court from a judgment of the Marion county circuit court, quieting the title of the Marion county lands in said Fidelity Trust Company as trustee, and enjoining the plaintiffs herein from denying or disputing the title of said Fidelity Trust Company as trustee to said Marion county lands and from denying, disputing, obstructing or interfering with the sale of said lands under and pursuant to its power of sale contained in the memorandum of trust. That the assertion of interest in said lands by plaintiffs as herein above stated adverse to the interest of Fidelity Trust

Company as trustee under said trust agreement is unfounded and without right.

Upon the foregoing facts the court states the following conclusions of law: (1) The law is with the defendant on the issues joined on plaintiff's complaint. (2) The law is with the cross-complainant on the issues joined on the defendant's cross-complaint. (3) The legal title to the lands described in the deeds and instrument of trust set out in the finding of facts is held and vested in defendant and cross-complainant, Fidelity Trust Company, trustee, with full power to convey the same in fee simple and apply the proceeds pursuant to the terms of said trust, and said defendant is entitled to have its title quieted and to have injunction to protect the same and to restrain plaintiffs from interfering with defendant in carrying out the terms of said trust agreement. (4) The defendant and cross-complainant, Fidelity Trust Company, is entitled to proceed with the sale of said lands according to the terms of said deed and trust agreement and to apply the proceeds as therein provided. (5) The defendant and cross-complainant is entitled to judgment on account in the sum of $50,697 to be paid out of the proceeds of such sale according to the terms of such deeds and trust agreement. (6) The defendant and cross-complainant is entitled to recover its costs in this action taxed at $——.

The court, having found the facts specially and stated its conclusion of law thereon, now renders judgment accordingly. It is therefore considered, ordered, adjudged and decreed by the court that the plaintiffs take nothing in this action except as hereinafter provided in the distribution of the proceeds of the sale of the lands comprising the trust estate hereinafter described. It is further considered, ordered, adjudged and decreed that the defendant and cross-complainant, Fidelity

Trust Company has not mismanaged, repudiated or abandoned its trust, but has faithfully performed its duties as trustee under the deeds and trust agreement set out in the pleadings and special findings, by advancing large sums of money for improvements on the lands of said trust estate and to free and preserve said estate from dissipation through liens and incumbrances, by taking proper steps under said instruments to sell the same and otherwise, and now holds the legal title to said lands as trustee for the sole purpose of completing its duties and obligations, as such trustee, by making sale of the same and by making distribution of the proceeds according to the terms of said deed and trust agreement and not otherwise, and in no other capacity. That said defendant and cross-complainant, Fidelity Trust Company, as such trustee, holds the legal title to said lands and the appurtenances thereunto belonging, and is fully and lawfully empowered and under the duty to sell and convey said lands, by deeds of warranty of the fee-simple title, and give full possession of the same, which lands are described as follows:

"All of the west half of the north half of section eighteen (18) township eighteen (18) north, range five (5) east, lying west of the Lake Erie and Western Railroad, containing ninety-two (92) acres, more or less.

"Also the southwest quarter of section seven (7), township eighteen (18) north, range five (5) east, lying west of the Lake Erie and Western Railroad and east of White river, containing forty-eight (48) acres, more or less.

"Also the southeast quarter of section twelve (12), township eighteen (18) north, range four (4) east, containing sixty (60) acres, more or less, and lying south and east of White river.

"Also that part of the northeast quarter of section thirteen (13), township eighteen (18) north, range four (4) east more particularly described as follows: Beginning at the northeast corner of said section and running thence west with said sec-

tion line one hundred and thirty-two rods more or less to White river, thence southerly along said stream with the meanderings thereof to a point 39.95 rods south of the north line of said section; thence east 65.80 rods; thence south 73.15 rods; thence east 68.25 rods; thence north 115.20 rods to the place of beginning, containing seventy-five (75) acres, more or less, situated in Hamilton county, Indiana.

"And the southeast quarter of the northeast quarter of section thirty-three (33), township seventeen (17) north, range four (4) east, containing forty (40) acres, more or less.

"Also the southwest quarter of the northwest quarter of section thirty-four (34), township seventeen (17) north, range four (4) east containing forty (40) acres more or less situated in Marion county, Indiana."

It is further considered, ordered, adjudged and decreed that said Fidelity Trust Company, trustee, is entitled to judgment on its account against said trust estate to be paid out of the proceeds of the sales of the lands so held in trust by it, as hereinbefore provided, in the sum of $50,697.

It is further considered, ordered, adjudged and decreed that said plaintiffs, Dora E. Rooker and William V. Rooker, by said deeds of conveyance and trust agreement have parted with all their title to said real estate and appurtenances thereunto belonging, and the right to the possession thereof, and the use, rents and profits thereof, and have no interest therein other than in such proceeds of the sale thereof as may remain to be distributed to the said Dora E. Rooker, under this judgment and said trust agreement. That any other interest in or control over said lands than said interest in the proceeds, aforesaid, heretofore and now being asserted by said plaintiffs adverse to the title of said trustee is wrongful, without right and unfounded and obstructive of the completion of the execution of said

trust by said trustee, and said Dora E. Rooker and William V. Rooker be and they are each and both hereby perpetually enjoined from denying or disputing the said title of the said Fidelity Trust Company, as trustee, to said lands above described and its right to the possession, use and rents and profits thereof, and from denying, disputing, obstructing or in any manner interfering with the sale of said lands by said trustee under and pursuant to its power of sale conferred by said deeds and trust agreement, and from refusing to give possession and from in any manner interfering with, disputing or obstructing said trustee or any purchaser or purchasers in giving possession or in taking possession when sale shall have been made of said lands, as aforesaid.

It is further considered, ordered, adjudged and decreed that said Fidelity Trust Company, as such trustee, proceed under the power and according to the terms of said deeds and trust agreement and make and complete sale of said above described lands, convey the same by warranty deeds in fee simple and put the purchaser or purchasers thereof in possession; that said Marion county lands having failed to sell for the sum of $18,000 in the first year after the execution of said deeds and trust agreement or thereafter, said trustee, having given the written notice to said plaintiffs and the notice by public advertisement provided for by said trust agreement and deeds, shall proceed to sell and convey said Marion county lands above described forthwith for whatever sum they may bring, using diligence to procure the highest and best price obtainable therefor; that if said Marion county lands do not sell for lack of a bid, then said trustee shall, after giving said plaintiffs ninety days notice in writing of their intention to do so, sell and convey said Hamilton county lands for whatever sum they will bring over and above

the upset price of $65,000; that if said Hamilton county lands do not sell for said sum of $65,000 for lack of a bid for that sum, then said trustee, after ninety days notice in writing to the plaintiffs of their intention to do so, shall sell said Marion county lands at public auction for whatever sum and price they may bring, using diligence to procure the highest and best price obtainable therefor; that, if upon any sale of the Marion county lands under this decree they do not fetch enough to pay the moneys and perform the obligation against said trust estate, in this action found to exist and to be due, then said trustee shall after giving thirty days notice to said plaintiffs of their intention so to do, proceed to sell, and sell and convey said Hamilton county lands for whatever sum and price they will bring using diligence to procure the highest and best bid therefor. That any sale or sales made under this decree shall be forthwith submitted to this court for approval or disapproval.

It is further considered, ordered, adjudged and decreed that when the sale or sales herein provided for have been made, said trustee shall apply the proceeds of said sales as follows: (1) To the payment of the costs of this action. (2) To the payment of any mortgage or other valid liens, charge, adverse interest or incumbrance upon and against said real estate or any part of any of said real estate above described, which may be prior and superior and adverse to the interest of said Fidelity Trust Company, trustee. (3) To the payment of said Fidelity Trust Company of the judgment on account herein decreed in the sum of $50,697. (4) To the reimbursement of said Fidelity Trust Company any sum or sums which may accrue to it in the execution of said trust, after the date of this judgment and decree. (5) The rest and residue of any money derived from said sale or sales shall be paid to the

said Dora E. Rooker, her heirs, executors, administrators and assigns.

From this judgment and decree appellants appeal and allege errors relied on for reversal as follows: (1) In overruling motions to strike out the appellee's second amended counterclaim. (2) In overruling the demurrers to the second amended counterclaim for insufficiency of facts. (3) In overruling motion to make second amended counterclaim more specific. (4) In overruling appellants' motion for judgment on the special findings. (5) The trial court erred in its conclusions of law. (6) In overruling appellants' motion to modify the judgment. (7) In overruling appellants' motion for a new trial.

The first error relied on for reversal by appellants is the overruling of motions to strike out the entire second amended counterclaim and cross-complaint of appellee. An examination of the record discloses that the pleading to which reference is here made was appellee's cross-complaint as amended after the decision of this court in the case of *Rooker* v. *Fidelity Trust Co., supra*. The argument presented by the appellants in favor of these motions is substantially that, on account of the former decision of the Supreme Court in this case and the exhibits attached to said cross-complaint, no sufficient cross-complaint or counterclaim could have been written against appellants. This phase of the case need not be discussed in disposing of these motions for it is settled law that error can not be predicated upon the action of the court in overruling a motion to strike out a part or all of a pleading. *Woodhams* v. *Jennings* (1905), 164 Ind. 555, 73 N. E. 1088; *Pfau* v. *State, ex rel.* (1897), 148 Ind. 539, 47 N. E. 927.

In support of their second alleged error appellants claim that the appellee trust company could not in any

event by counterclaim sue the appellants on the subject-matter of the trust estate on the facts set up in the counterclaim for the reason that the counterclaim is not relevant or germane to the complaint. The arguments presented by appellant in favor of their demurrers are in substance that the appellee was guilty of wrongful management of the trust property and sought to acquire title to it by wrong doing and that the trustee elected to repudiate the trust agreement and have the trust deed declared a mortgage and that by reason of having failed to succeed the rights of the trustee were lost, and it has no right to recover the sums of money expended by it for the use and benefit of the appellants.

A counterclaim is any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant or 2, 3. which would tend to reduce the plaintiff's claim or demand for damages. §355 Burns 1914, §350 R. S. 1881. A counterclaim is good and germane to the principal case if it alleges matters connected with the subject of the original action. *Standley* v. *Northwestern, etc., Ins. Co.* (1884), 95 Ind. 254; *Excelsior Clay Works* v. *DeCamp* (1907), 40 Ind. App. 26, 80 N. E. 981.

A counterclaim under code provisions like ours is the equivalent of the cross-bill in equity and in addition includes common-law recoupment. *Woodruff* v. 4, 5. *Garner* (1866), 27 Ind. 4, 89 Am. Dec. 477. The purpose of a cross-bill is to obtain full relief for all parties and a complete determination of all controversies which arise out of the matters charged in the original bill. 10 R. C. L. 483, §261 *et seq.*

In this case, the transaction having been brought into a court of equity by appellants, it was not only the right

of the court to entertain a cross-bill which would settle all the rights of all the parties in all of their relations in the subject-matter, but it was the duty of the court, if necessary, to require a cross-bill to be filed which would enable it to completely settle the controversy. See *Sims* v. *Burk* (1887), 109 Ind. 214, 9 N. E. 902.

A party who imagines he has two or more remedies or who misconceives his rights is not deprived of all remedy because he first tries a wrong one. *Bunch* v. *Grave* (1887), 111 Ind. 351, 12 N. E. 514; *Nave* v. *Powell* (1916), 62 Ind. App. 274, 110 N. E. 1016. The doctrine of election of remedies is of equitable origin. It has no application to the circumstances of this case, for to apply it here would work to the great harm and loss of the appellee trust company and the unearned and undeserved large money benefits to appellants; moreover, it does not apply unless in fact two remedies are available, which is not true in this case, as the Supreme Court has decided in *Rooker* v. *Fidelity Trust Co., supra.* The court did not err in overruling the demurrers to the second amended counterclaim.

In support of their third alleged error the appellants argue at length that the counterclaim was illegal. The object of a motion to make a pleading more specific is to require the pleader to state with certainty what is vaguely stated in the pleading. Elliott, App. Proc. §665; *Falley* v. *Gribling* (1891), 128 Ind. 110, 26 N. E. 794.

The appellee, in its counterclaim, set up very fully and in circumstantial detail the trust and its relation to it and its title and doing as trustee, and the items of its account and the circumstances requiring the aid of the court in finally carrying

out and closing the trust. There is no uncertainty or vagueness of statement, and it is not claimed by appellants that there is. Their motion is based on what they call the illegality of the claim. The court did not err in overruling their motion to make more specific.

The fourth error relied on for reversal by appellants is that the court erred in overruling plaintiffs' motion for judgment in their favor on the special finding of facts. A motion for judgment on a special finding of facts is not recognized by our practice. It is elementary that the sufficiency of the evidence to sustain the finding is raised by a motion for a new trial, and that questions of law raised by the conclusions of law stated on a finding can be presented only by exceptions taken to the conclusions of law. The court did not err in overruling appellants' motion for judgment on the special finding of facts.

It appears from the record that, after the court filed its special finding of facts and conclusions of law thereon, the plaintiffs each respectively moved the court for judgment in their favor on the special finding of facts and when such motions were overruled they excepted to the conclusions of law. Under such circumstances the exceptions are not available. Exceptions to conclusions of law upon facts specially found must be taken before the taking of any other step in the cause by the excepting party. *Dickson* v. *Rose* (1882), 87 Ind. 103. See also, *Barner* v. *Bayless* (1893), 134 Ind. 600, 33 N. E. 907, 34 N. E. 502; *Chicago, etc., R. Co.* v. *State* (1902), 159 Ind. 237, 64 N. E. 860; *Medical College* v. *Commingore* (1895), 140 Ind. 296, 39 N. E. 744.

Though it was taken on the same day that the ruling was made, an exception will not be available if it was not taken until after additional steps in the prosecution or defense of the case had been taken by the party

reserving it.   Ewbank's Manual (2d ed.) §24b.   *Dickson* v. *Rose, supra; Barner* v. *Bayless, supra.*

The correctness of the conclusions of law cannot be questioned by a motion to modify the judgment, nor does such motion present any question if the judgment rendered conforms to the conclusions of law.   *Chicago, etc., R. Co.* v. *State, supra.* The judgment rendered in this case was in conformity with the conclusions of law.

The seventh error relied on for reversal by appellants is that the court erred in overruling their motion for a new trial.   In support of their contention to show that the court erred in overruling said motion the appellants say that the cause was put, at issue and tried on an unlawful cross-complaint; and that therefore the judgment was contrary to law.   This contention was decided adversely to appellants in our ruling on the demurrers to the cross-complaint and counterclaim.   The brief of appellants does not contain a condensed recital of the evidence in narrative form as required by the rules.

A statement of the evidence mixed with statements and arguments of counsel, propositions of law and citation of cases, which clearly does not purport to cover the entire evidence, does not comply with the fifth clause of Rule 22 of this court and does not command a consideration of a motion for a new trial involving the evidence.   *Rose* v. *City of Jeffersonville* (1916), 185 Ind. 577, 114 N. E. 85, and cases there cited.   No question is presented on the sufficiency of the evidence.

No reversible error is shown in the record.   Judgment affirmed.